United States District Court
Middle District of Florida
Jacksonville Division

**MAUREEN MENDES,**

    *Plaintiff,*

v.                                                                                   No. 3:18-cv-365-J-34PDB

**JACKSONVILLE AIRPORT & DEBRA BRAGA,**

    *Defendants.*

---

# Report and Recommendation

On March 16, 2018, Maureen Mendes, proceeding without a lawyer, initiated this action against the "Jacksonville Airport"[1] and its "Chief Legal Counsel," Debra Braga. Doc. 1. Ms. Mendes uses the form titled, "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case," Doc. 1, and seeks to proceed in forma pauperis, Doc. 2. This report and recommendation evaluates the complaint under 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Jacksonville Aviation Authority is a public body established by a special act—2004 Fla. Laws 464 § 1(14)—to develop and administer public airports in Jacksonville, including the Jacksonville International Airport. *Jackson-Shaw Co. v. Jacksonville Aviation Authority*, 8 So. 3d 1076, 1079 (Fla. 2008). (The body was originally named the Jacksonville Airport Authority. *See* 2004 Fla. Laws 464. It was renamed the Jacksonville Aviation Authority in 2005. *See* 2005 Fla. Laws 328.) If a plaintiff proceeding without a lawyer names the wrong entity as a defendant, the court should consider allowing amendment to change the defendant. *Wright v. El Paso Cnty. Jail*, 642 F.2d 134, 136 n.3 (5th Cir. Apr. 8, 1981). Allowing Ms. Mendes leave to amend to change the "Jacksonville Airport" to the "Jacksonville Aviation Authority" is unwarranted because, even with the Jacksonville Aviation Authority as the presumably correct defendant named, the action is subject to dismissal.

Ms. Mendes alleges,

> On March 18th 2013 I was coming down the Escalator located at the Jacksonville Airport and the escalator jolted. I saw ahead of me the luggage piling up at the bottom. I then had no place to move the man in back of me jumped over me since he could anticipate what was about to happen. He avoided hitting me while moving by me he witnessed me that I had already fallen as the luggage was being removed. The baggage employee tried to help me but the escalator was pulling by Hair piece and it pulled out with some of my natural hair as well pulling my dress and jacket. Another employee came from the other side as he seen what was happening and ran over to shut the emergency button off and asked was I okay and gave me a chair to sit because I had become dizzy and almost passed out he then called the ambulance and I was then taken to the Baptiste Medical Center where I was administered care for my injuries sustained.

Doc. 1 at 5 (typographical errors in original). As relief, Ms. Mendes "would like to be compensated for medical bills that has and still will accrue and for all out of pocket cost due to the fall. As well as for the pain and suffering that has caused Anxiety depression due to Surgeries I have had has made my live and way of living and traveling very difficult and has made me disabled to where I cant work." Doc. 1 at 5 (typographical errors in original).

Ms. Mendes states her address is in Massachusetts and the addresses of the defendants are in Florida. Doc. 1 at 1–2. She leaves blank the section on federal question jurisdiction. Doc. 1 at 3. She completes the subsection on citizenship for the section on diversity jurisdiction for "Jacksonville Airport" only, stating it is incorporated in and has a principle place of business in Florida, and completes the amount-in-controversy subsection, stating, "Monatary Amount of claim unknown as I have pending surgeries to be done to do due to injuries from this incident." Doc. 1 at 4 (typographical errors in original).

A pleading drafted by someone proceeding without a lawyer is held to a less stringent standard than a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U .S.

519, 520 (1972). Because Ms. Mendes proceeds without a lawyer, the complaint is held to a less stringent standard.

Under 28 U.S.C. § 1915(e)(2)(B), a court "shall" dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). At a minimum, Ms. Mendes's action is frivolous and fails to state a claim on which relief may be granted.

First, Ms. Mendes's action is frivolous. An action is frivolous if "the plaintiff's realistic chances of ultimate success are slight," including if an affirmative defense like the expiration of the statute of limitations will defeat the action. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 639–40 (11th Cir. 1990) (internal quotation marks omitted). Ms. Mendes's complaint is founded on negligence under Florida law. The statute of limitations for an action founded on negligence under Florida law is four years.[2] Fla. Stat. § 95.11(3)(a). When a business invitee falls and is injured, a negligence cause of action begins to accrue when the fall occurs, not when the invitee knows the extent of injury. *Carter v. Lowe's Home Centers, Inc.*, 954 So. 2d 734, 735 (Fla. 1st DCA 2007). Ms. Mendes alleges the fall at the airport occurred on March 18, 2013. Doc. 1 at 5. She filed this action five years later, on March 16, 2018. Doc. 1. The action is frivolous because the statute of limitations ran nearly a year before she filed the action, making her chances of ultimate success slight.

---

[2]Florida Statute § 768.28 waives sovereign immunity in tort actions, establishes recovery limits, and establishes a requirement that any claim against the state or one of its agencies or subdivisions must be presented in writing within three years after the claim accrues. Here, because there are other grounds for § 1915(e)(2)(B) dismissal, it is unnecessary to analyze any limit § 768.28 would place on an action against the Jacksonville Aviation Authority or its general counsel.

Second, Ms. Mendes's action fails to state a claim on which relief may be granted. Under Federal Rule of Civil Procedure 8, to state a claim for relief, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "For a federal court to have diversity jurisdiction[,] the plaintiff must allege a proper jurisdictional basis in the complaint including an amount in controversy in excess of $[75,000] exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Ms. Mendes provides addresses for all parties and alleges the "Jacksonville Airport" is incorporated in Florida and has its principal place of business in Florida but says nothing about her citizenship, about Ms. Braga's citizenship, about the amount in controversy other than it is unknown because of pending surgeries, about any specific injury suffered, about any specific surgery contemplated, about any specific amounts paid in medical bills or otherwise, or about any specific wages lost. The action fails to state a claim on which relief may be granted because it omits required jurisdictional allegations.[3]

Under 28 U.S.C. § 1653, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section 1653 must be construed liberally. *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980). Moreover, a court should freely allow a plaintiff to amend her complaint if justice so requires. Fed.

---

[3]To state a claim for negligence under Florida law, a plaintiff must allege facts showing the plausibility that (1) the defendant owed a duty to protect the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach was the proximate cause of the plaintiff's injuries and resulting damages. *Cooper Hotel Serv., Inc. v. MacFarland*, 662 So. 2d 710, 712 (Fla. 2d DCA 1995). Here, the action also fails to state a claim against Ms. Braga because Ms. Mendes alleges no facts showing the plausibility that Ms. Braga, as general counsel, owed a duty to protect her, breached the duty, or that the breach caused Ms. Mendes's injuries.

R. Civ. P. 15(a). Despite those liberal standards, amendment to allow Ms. Mendes to add jurisdictional allegations is unwarranted given frivolity.

If a district court lacks subject matter jurisdiction, it does not have authority to dismiss an action on the merits. *Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 471 (11th Cir. 2013). Because it is unclear whether this Court has subject matter jurisdiction, dismissal should be without prejudice.

Thus, I recommend dismissing the action without prejudice and terminating the motion to proceed in forma pauperis.[4]

**Done** in Jacksonville, Florida, on May 22, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Maureen Mendes
    940 West Main St., Apt. 8
    Centerville, MA 02632

---

[4]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.